UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Regions Bank,

     Plaintiff,

vs.               Case No.  3:10-cv-576-J-99TJC-MCR

Beemer & Associates XLVII, L.L.C., et al.,

     Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Compel (Doc. 31) filed April 15, 2011.

**I.**  **BACKGROUND**

This lawsuit arises out of a loan transaction between Plaintiff Regions Bank and Defendant Beemer & Associates XLVII, LLC ("Beemer").  According to the Complaint, Defendant defaulted on the loan by failing to pay to Plaintiff the monthly payment that became due under the Note on May 1, 2010, and all payments due thereafter.  (Doc. 1, ¶ 13).  As a result of the default, Plaintiff initiated the instant lawsuit alleging the following two causes of action: (1) Action on Promissory Note against Defendant Beemer (Count I), and (2) Action on Guaranty against Defendant Mike Ashourian (Count II).

In response to the Complaint, Defendants asserted two affirmative defenses. (Doc. 7).  In their First Affirmative Defense, Defendants asserted that Beemer's "inability

to complete the subject development as intended is due [sic] the unforeseen economic collapse which was not contemplated by Plaintiff or any of the Defendants" and, therefore, "[e]quity dictates that the agreements of the Defendants should not be strictly enforced given the economic events which are the equivalent of force majeure."  As their Second Affirmative Defense, Defendants assert that Beemer's "inability to complete the subject development as intended is due to the economic collapse caused by [Plaintiff's] fraudulent and deceptive mortgage lending practices" and, therefore, Defendants should be excused in whole or in part from their obligations.

Defendants propounded their First Set of Interrogatories on January 20, 2011, and Plaintiff responded on February 28, 2011.  On April 15, 2011, Defendants filed the instant Motion to Compel seeking an Order directing Plaintiff to respond to Interrogatory No. 4.[1]  Plaintiff filed a Response in Opposition to Defendants' Motion (Doc. 35) on April 22, 2011.  Accordingly, the matter is ripe for judicial determination.

## II. DISCUSSION

### A. Standard for Motion to Compel

Motions to compel discovery brought pursuant to Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The overall purpose of discovery

---

[1] The Court notes the discovery deadline in this case is currently April 29, 2011. (Doc. 29). Defendants propounded their First Set of Interrogatories on January 20, 2011 and Plaintiff responded on February 28, 2011. Defendants, however, did not file the instant Motion to Compel until April 15, 2011, nearly two months after receiving Plaintiff's response. Although Defendants Motion is technically "timely," the delay in filing is problematic. See Murphy v. Cooper Tire & Rubber Co., 2008 U.S. Dist. LEXIS 102441, 2008 WL 5273548, at *5, n. 3 (N.D. Fla. 2008). Nevertheless, the undersigned will consider the merits of the instant Motion.

-2-

under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. S.L. Sakansky & Assocs. v. Allied Am. Adjusting Co. of Fla., LLC, 2007 U.S. Dist. LEXIS 52633, 2007 WL 2010860, *1 (M.D. Fla. 2007). Furthermore, according to the Middle District guidelines, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

Rule 34 of the Federal Rules of Civil Procedure allows any party to serve on any other party a request for production of documents which concern matters within the scope of Federal Rule of Civil Procedure 26(b). Under Rule 26(b), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." Hickman v. Taylor, 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947); Farnsworth v. Procter and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985); Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979). Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. Dunbar v. United States, 502 F.2d 506 (5th Cir. 1974).

## B.     Interrogatory No. 4

Defendants seek to compel a response to Interrogatory No. 4, which requests the following information:

> Describe all lawsuits, administrative investigations, or other legal proceedings instituted by or against [Plaintiff] in the last 3 years, whether ongoing or closed which pertain in any way (whether alleged or proven) to fraudulent, deceptive or predatory mortgage lending practices by [Plaintiff]. Such descriptions shall identify (a) style of the case or administrative action; (b) case number; (c) jurisdiction; (d) venue: (e) current status and/or disposition; (f) name, last known address, and last known telephone number of each party to each action, excluding defendants in this action.

See (Doc. 31, pp. 1-2).  Plaintiff objected to Interrogatory No. 4 on the grounds that "it is overly broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence." See (Id. at 2).

In support of their Motion to Compel, Defendants argue that this information "goes to the heart" of their Second Affirmative Defense, which asserts that "[Plaintiff] fraudulent and deceptive mortgage lending practices were at least partially to blame for the economic collapse which occurred after the subject loan was made ..." (Id.).  In other words, Defendants argue that other borrowers' past allegations that Plaintiff engaged in fraudulent or deceptive lending practices are relevant to prove that Plaintiff did, in fact, act fraudulently or deceptively in those cases, and that those actions are to blame for the collapse of the global economy.  In response, Plaintiff asserts that this is "patently absurd" and "Defendants have travelled [sic] beyond the shadow zones of relevance and into the darkness of immateriality." (Doc. 35, pp. 3-4).

It is true that the bounds of discovery under the Federal Rules of Procedure are

-4-

interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Saunders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).  However, courts routinely recognize that "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id.  In fact, courts have long held that "[w]hile the standard of relevance [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so." Martos v. Lee Memorial Health System, 2011 WL 322447, at *1 (M.D. Fla. Jan. 31, 2011) (citing Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660, at * 1 (S.D. Fla. Aug. 9, 2010)).

As an initial matter, although the Court agrees that the recent economic downturn had an adverse effect on many lender/borrower relationships, and the most immediate and apparent result of the downturn was a severe tightening of the credit market, that is not what happened in this case.  Here, Plaintiff fully funded the $5,250,000.00 loan. See (Doc. 1).  If it is true that Defendants were not able to complete construction of the project, it was not because they suffered from any lack of access to or tightening of credit, whether or not Plaintiff eased back on lending to other borrowers.

Further, even if Plaintiff had not fully funded the loan, the information Defendants are seeking is not likely to lead to evidence bearing on an issue in this dispute. Evidence that allegations of fraudulent or deceptive conduct were made against it in prior, unrelated suits, is not proof that Plaintiff acted deceptively as it relates to this case

(and certainly does not prove that Plaintiff's actions led to a worldwide economic collapse).

### C. Attorney's Fees

The remaining issue is whether either party is entitled to an award to attorney's fees. Pursuant to Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(A), (B). When such motion is denied, the court "must . . . require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, the court should not order payment "if the motion was substantially justified or other circumstances make an award of expenses unjust." Id. "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted).

Applying this standard, the Court finds reasonable people could differ as to the appropriateness of Defendants' Motion, making it substantially justified. The Court will therefore decline to award Plaintiff any expenses or fees incurred in responding to Defendants' Motion. Each party shall bear its own costs and expenses incurred in connection with the instant Motion to Compel.

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED**:

Defendants' Motion to Compel (Doc. 31) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  26th  day of April, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party